

U. S. DEPARTMENT OF JUSTICE

*Randolph J. Bernard*
*Acting United States Attorney*
*Northern District of West Virginia*

---

Derek W. Hotsinpiller Federal Building
320 West Pike Street
Suite 300
Clarksburg, WV 26301

Phone: (304) 623-7030
FAX: (304) 623-7031

March 29, 2021

Nicholas Compton, Esq.
Federal Public Defender's Office
651 Foxcroft Ave., Suite 202
Martinsburg, WV 25401
**By email: Nicholas_Compton@fd.org**

FILED

MAY - 7 2021

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

Re: *United States v. Dell Dingle*, 1:21cr4 & 1:21cr5

Dear Mr. Compton:

This purpose of this letter is to extend to your client, Dell Dingle (hereinafter referred to as "the Defendant"), the following plea offer:

All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended, which are advisory to the Court.

It is agreed between the United States and the Defendant as follows:

**1.     Plea:**

A.      The Defendant will plead guilty to Count One of the Indictment in Criminal Action No. 1:21cr4, charging him with Possession of a Prohibited Object (narcotic), in violation of Title 18, United States Code, Sections 1791(a)(2) and 1791(b)(1); and Count One of the Indictment in Criminal Action No. 1:21cr5, charging him with Assault of a Correctional Officer Involving Physical Contact, in violation of Title 18, United States Code, Section 111(a)(1).

B.      The maximum penalty to which the Defendant will be exposed by virtue of his plea of guilty to Count One of the Indictment in Criminal Action No. 1:21cr4 is imprisonment for a period of not more than twenty (20) years, a fine of not more than $250,000.00, and at least three (3) years supervised release. And the maximum penalty to which the Defendant will be exposed by virtue of his plea of guilty to Count One of the Indictment in Criminal Action No. 1:21cr5 is imprisonment for a period of not more than Eight (8) years, a fine of not more than $250,000.00,

_____
Dell Dingle,
Defendant

_3/30/21_
Date

_____
Nicholas Compton, Esq.
Counsel for the Defendant

_4/2/21_
Date

Nicholas Compton, Esq.
March 29, 2021
Page 2

---

and at least three (3) years supervised release. It is further understood by the Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction, **which must be paid before the date of sentencing** by money order or certified check to the United States District Court. It is also understood that the Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

2. **Sentencing:**
   A. **Recommended Sentence:**
   1. The United States and the Defendant agree under Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentence in Criminal Action No. 1:21cr4 is fifteen (15) months incarceration for Count One of the Indictment. Further, the parties agree to recommend that the sentence run consecutive to any sentence the Defendant is currently serving or which has been previously imposed. The court will also impose the mandatory Special Assessment of $100.00. No fine is recommended because the Defendant does not have the financial ability to pay a fine. The parties also recommend that no additional supervised release be imposed.

   2. In addition, the United States and the Defendant agree under Federal Rule of Criminal Procedure 11(c)(1)(C) that the appropriate sentence in Criminal Action No. 1:21cr5 is fifteen (15) months incarceration for Count One of the Indictment. Further, the parties agree to recommend that the sentence run consecutive to any sentence the Defendant is currently serving, or which has been previously imposed, and will run consecutive to the fifteen-month sentence imposed in Criminal Action No. 1:21cr4. The court will also impose the mandatory Special Assessment of $100.00. No fine is recommended because the Defendant does not have the financial ability to pay a fine. The parties also recommend that no additional supervised release be imposed.

   3. The recommended sentence is considered by the government to be adequate under the circumstances of this case to provide a reasonable sentence for the Defendant's crimes while disposing of the case without the expenditure of significant judicial or prosecutorial resources.

   B. **Sentencing Procedure:**
   1. The parties waive the right to have a full presentence investigation made prior to sentencing and request that the court impose the sentences in both cases immediately upon the acceptance of the guilty pleas.

   2. Acknowledging that it is the court's responsibility to determine whether the agreed sentences are reasonable sentences after considering the circumstances of the case, and the background of the Defendant, the United States Attorney's Office and counsel for the Defendant

_/s/ Dell Dingle_                                         3/30/21
Dell Dingle,                                              Date
Defendant

_/s/ Nicholas Compton_                                    4/2/21
Nicholas Compton, Esq.                                    Date
Counsel for the Defendant

Nicholas Compton, Esq.
March 29, 2021
Page 3

---

agree to cooperate with any preliminary investigation the court may cause to be made prior to the plea hearing.

**3.  Waivers:**

   A.  Upon the condition that the court accepts this agreement and imposes the recommended sentences, the United States and the Defendant waive the right to appeal the sentences, or to appeal any other issue in either case, on any ground whatsoever.

   B.  Upon the condition that the court accepts this agreement and imposes the recommended sentences, the Defendant waives his right to challenge his sentences or the manner in which they were determined by collateral attack, including but not limited to, by a motion brought under 28 U.S.C. § 2255 (habeas corpus).

**4.  Other Charges:**

   A.  In exchange for these pleas of guilty, the United States agrees not to pursue any other charge(s) against the Defendant related to his conduct on or about May 13, 2019, or on or about October 19, 2019.

**5.  Other Matters:**

   A.  The above four (4) paragraphs constitute the entire agreement between the Defendant and the United States of America in this matter. There are no agreements, understandings, or promises between the parties other than those contained in this agreement.

   B.  The Defendant was not debriefed as a part of this plea agreement. Further, he did not provide any information or any substantial assistance to the government in this case or any other case. Therefore, the United States will not make a § 5K1.1 "substantial assistance to the government" motion for this defendant. Likewise, the United States will not make any motions pursuant to Federal Rule of Criminal Procedure 35 for this defendant. The government will not recommend any downward departure or variance below the consecutive sentences as stated in Paragraph 2.A on Page 2 of the plea agreement.

_____
Dell Dingle,
Defendant

_____
Nicholas Compton, Esq.
Counsel for the Defendant

_3/30/21_____
Date

_4/2/21_____
Date

Nicholas Compton, Esq.
March 29, 2021
Page 4

---

                                                          Very truly yours,

                                                        RANDOLPH J. BERNARD
                                                        United States Attorney

By:      */s/ C. Bauer*
                                                        Christopher L. Bauer
                                                        Assistant United States Attorney

As evidenced by my signature at the bottom of the four (4) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

---

*/s/ Dell Dingle/*                                                       3/30/21
Dell Dingle,                                                             Date
Defendant

*/s/ Nicholas Compton/*                                               5/7/21
Nicholas Compton, Esq.                                       Date
Counsel for the Defendant